**Esmat SAEEDI, Appellant,**

v.

**GREYHOUND LINES, INC. and William Carroll, Appellees.**

**No. 93–CV–938.**

District of Columbia Court of Appeals.

Submitted Dec. 8, 1994.

Decided Jan. 19, 1995.

Thomas J. Gagliardo, Silver Spring, MD, filed a brief, for appellant.

Lawrence P. Postol, Washington, DC, filed a brief, for appellees.

Before FERREN and SCHWELB, Associate Judges, and REILLY, Senior Judge.

FERREN, Associate Judge:

Appellant, Esmat Saeedi, appeals the denial of her motion for reconsideration of an order sustaining dismissal of her civil action against Greyhound Lines, Inc. without prejudice for failure to prosecute. *See* Super.Ct.Civ.R. 41–I. Because appellant's lawsuit was automatically stayed as a result of appellee Greyhound's Chapter 11 bankruptcy proceedings, federal law precluded appellant from taking any further action to pursue her case. We therefore reverse and remand for entry of a trial court order reinstating the complaint.

**I.**

On July 6, 1990, appellant filed a complaint against Greyhound Lines, Inc. (Greyhound), Greyhound/Trailways Bus System, and Greyhound's agent, "John Doe" Carroll, for assault, battery, false arrest, and intentional infliction of emotional distress, all arising from an incident that occurred on July 7, 1989. A month earlier, on June 4, 1990, Greyhound had filed for protection under Chapter 11 of the Federal Bankruptcy Code, 11 U.S.C. §§ 1101 *et seq.* (1988). On July 11, 1990, in response to the complaint, Greyhound sent appellant a letter ("the 1990 letter") informing her of Greyhound's Chapter 11 filing and of the automatic stay pursuant to § 362 of the Bankruptcy Code. Melanie Scofield, Greyhound's Associate General Counsel, sent a copy of this letter to the Clerk of the Superior Court on July 16, 1990.

As a result of the information supplied by Greyhound's 1990 letter, appellant took no further action on her claim. On April 16,

1991, appellant received a computer-generated order from the Superior Court requiring her to show cause why her suit should not be dismissed pursuant to Rule 41–I(a) for failure to prosecute. On July 5, 1991, Judge Huhn (now Judge Nan Shuker)[1] granted appellant's motion to vacate the computer-generated order and docketed an order to that effect on July 11, "conditioned on the filing of proper notice to stay pending bankruptcy no later than August 2, 1991." (Apparently, this order meant that appellant was required to file a suitable notice in Superior Court reflecting the federal stay in effect while Greyhound's bankruptcy proceeding was pending.) Aware of this order (it is not clear how), Greyhound's Scofield apparently sent another letter addressed to the Clerk of the Superior Court on July 31, 1991 ("the 1991 letter"), informing the court that "Greyhound Lines, Inc. has not emerged from the bankruptcy proceeding and that the Stay Order issued by the Federal Court [on August 10, 1990], a copy of which is enclosed, remains in effect."[2] On August 2, 1991, appellant filed a praecipe stating that she would not oppose Greyhound's efforts to stay Superior Court proceedings.

Several months later, on January 6, 1993, appellant filed another praecipe noting that Greyhound's bankruptcy proceedings had been terminated and requesting a scheduling conference for appellant's case. The court did not respond. Five months later, on June 8, 1993, the Superior Court issued a second computer-generated Rule 41–I order dismissing the case for failure to prosecute. On June 14, 1993, appellant filed a motion to vacate that order, arguing that the case had been automatically stayed under 11 U.S.C. § 362(a). On July 12, 1993, the motions judge upheld the dismissal order on several grounds:

> Defendant has never properly appeared in this case; Plaintiff did not timely file [her] certificates of service;[3] this case has never been stayed;[4] although Plaintiff has served Greyhound, Plaintiff has never moved for default; Judge Huhn's [Shuker's] order has never been complied with; and Plaintiff has not been serving his motions and praecipes on an attorney authorized to represent Greyhound.[5] [Footnotes added].

The judge further ruled that, because appellant's original complaint had named "John Doe" Carroll as a defendant instead of "William" Carroll, William Carroll was not a party to the action.[6] Appellant filed a motion for reconsideration.[7] This was denied on

1. After the death of her husband, Superior Court Judge Robert A. Shuker, Judge Huhn took her husband's name. Accordingly, we refer to her hereafter as "Judge Shuker."

2. Neither the 1991 letter nor a copy of the Stay Order is part of the record; they are attached to appellant's brief. The letter bears a stamp showing it was received on August 5, 1991 (although it is unclear by whom it was received), three days after the August 2, 1991, filing deadline imposed by Judge Shuker's order.

3. The judge stated that although appellant had served Greyhound on July 6, 1990, she "did not file a certificate of service until October 30, 1990" and that "Greyhound never properly entered an appearance in this litigation."

4. The judge dismissed the 1990 letter that Melanie Scofield of Greyhound's General Counsel's Office in Dallas had filed with the court, saying that "Judge Huhn [Shuker] found that this was not notice to the court that Greyhound was in bankruptcy." This statement is probably based on the fact that, although Judge Huhn had not referred in her order to the 1990 letter, that letter had been filed with the court before Judge

Shuker entered her order. The motions judge also pointed out that, because Scofield was not a member of the District of Columbia Bar and thus was not authorized to appear before the Superior Court, Greyhound would be deemed not to have made a "proper appearance in this case."

5. The motions judge found that "although mail from this Court has been sent to Scofield, her address is no longer good. Plaintiff has been serving [her] motions to Scofield at this address as well. Thus, the Court can assume that Plaintiff's motions, which Plaintiff served on an attorney who is not and cannot represent Greyhound in this matter, have not been reaching Greyhound."

6. On the day the judge ruled, appellant filed an amended complaint correcting the name "John Doe" Carroll to "William" Carroll.

7. In her motion for reconsideration, appellant did not contest the dismissal of the action against Greyhound/Trailways Bus Systems. With respect to "John Doe" Carroll, appellant maintained that William Carroll was the correct defendant and that he had been served, although

September 29, 1993.[8] She now appeals this denial.

## II.

### A.

Appellant filed her case at a time when Greyhound was in Chapter 11 bankruptcy proceedings. Consequently, pursuant to 11 U.S.C. § 362(a), appellant's case was automatically stayed;[9] federal law precluded appellant from taking any further action on her lawsuit until Greyhound's bankruptcy case was closed, dismissed, or discharged. *See* 11 U.S.C. §§ 362(a)(1)–362(c)(2).[10] For one simple, straightforward reason, therefore—federal bankruptcy law—the motions judge erred in sustaining dismissal of appellant's lawsuit for failure to prosecute. His reasoning that appellant's case had "never been stayed," and that appellant had failed to take a number of actions she was required to take to keep her claim alive, is not sound—as elaborated below.

### B.

The motions judge's conclusion that appellant's civil action against Greyhound had not been stayed is apparently premised on a belief that, irrespective of the federal bankruptcy judge's authority to stay a Superior Court lawsuit, such a stay could not prevent the Superior Court from dismissing the lawsuit when the plaintiff fails to give the Superior Court formal notice of the stay and to take various other steps to keep it alive. Thus, the motions judge dismissed appellant's lawsuit, and denied reconsideration of that dismissal, because of his finding that appellant had not complied with the condition Judge Shuker had imposed when she lifted the computer-generated dismissal order: filing of a notice of the federal stay in Superior Court no later than August 2, 1991.

As a preliminary matter, therefore, we are presented with the question whether the Superior Court, applying its own rules, can lawfully dismiss a civil action stayed under federal bankruptcy law, because the plaintiff fails to file a timely notice of the federal stay in Superior Court. The question, while ostensibly answerable by reference to the absolute nature of the federal stay—*i.e.,* stay means stay of *any* Superior Court activity in support of a pending claim—is not necessarily frivolous. A plaintiff's actions to comply with local or state court housekeeping rules, for purposes of keeping the status of cases on the court's docket clear, will not impose any hardship on the debtor whom the bankruptcy stay is intended to protect, because such actions will not move the case forward in any respect. On the other hand, any dismissal for failure to comply with such rules would appear to violate the plain meaning of a "stay" barring "continuation, including the issuance or employment of process, of

proof of service had been filed after the 60–day limit prescribed by Super.Ct.Civ.R. 4(j). While acknowledging that, prior to the motions judge's order, no effort had been made to amend the complaint to substitute Carroll's correct first name, appellant argued that she still had time to amend her complaint under Super.Ct.Civ.R. 15(a).

8. In denying reconsideration, the motions judge stated that appellant had the burden, as plaintiff, to see that the case moved forward and, further, to ensure that the defendant complied with Judge Shuker's order. He added that the court had no record of the 1991 letter (see *supra* note 2); that appellant had failed to note who filed this letter; and that, in any case, such a letter would not constitute a proper filing. The judge concluded:

> If [appellant's] counsel was still of the opinion that the case should have been *stayed* (as opposed to moving for a default), it was [appellant's] counsel's obligation to so move the

Court. *The fact remains, however, that Judge Huhn's order was never complied with and the case was never stayed.* [Emphasis added.]

9. Title 11 U.S.C. § 362(a)(1) provides that the filing of a petition for bankruptcy, including a proceeding under Chapter 11, operates as a stay applicable to "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." Because appellant's claim against Greyhound arose on July 7, 1989, before Greyhound filed its bankruptcy petition on June 4, 1990, appellant's case is covered by § 362(a)(1).

10. Alternatively, appellant could have petitioned the bankruptcy court to grant relief from the stay order. *See* 11 U.S.C. § 362(d).

a judicial ... action or proceeding against the debtor." 11 U.S.C. § 362(a)(1), *supra* note 9. In any event, we do not have to resolve this question because, contrary to the motions judge's understanding, the parties met the condition imposed by Judge Shuker.

The record shows that, on July 16, 1990, Greyhound filed with the Superior Court a copy of the 1990 letter that informed appellant her case had been stayed under 11 U.S.C. § 362(a), *supra* note 9. The motions judge apparently concluded, however, that the 1990 letter did not meet Judge Shuker's condition simply because "Judge Huhn [Shuker] found that this was not notice to the court that Greyhound was in bankruptcy." See *supra* note 4. This conclusion is premised on the motions judge's apparent understanding that Judge Shuker, who did not reference the 1990 letter in her June 11, 1991 order, was aware of and rejected that communication. We will not second-guess the motions judge's understanding. We conclude, very simply, that if Judge Shuker was aware of Greyhound's 1990 letter from its submission to the Superior Court, she erred in conditioning her reinstatement of appellant's complaint on a later filing of some kind evidencing, for a second time, a stay that the court already knew about from a letter filed a year earlier.

In any event, contrary to the motions judge's understandings, even if Judge Shuker was unaware of the 1990 letter—and even if we assume, solely for the sake of argument, that a Superior Court judge (here, the motions judge) had authority to dismiss a lawsuit, stayed under federal bankruptcy law, because of the plaintiff-appellant's failure to file a copy of the stay order with the Superior Court—the fact is that the motions judge knew of the 1990 letter revealing the stay by the time he dismissed appellant's lawsuit and denied reconsideration. There was no evidence before the court indicating that the stay had been lifted or questioning the authenticity of Greyhound's letter. The motions judge, therefore, could not lawfully ignore the 1990 letter as evidence of the stay order simply because he thought Judge Shuker had found the letter wanting in some respect. Such a law-of-the-case analysis (which the motions judge apparently was making here) would have no validity in this context, where the simple issue was whether the record reflected that a federal stay had been entered.[11]

\*    \*    \*

Accordingly, because the motions judge knew a federal stay was in effect,[12] he erred in dismissing appellant's case for failure to comply with Judge Shuker's order.[13] We

---

**11.** Appellant stresses that the parties' efforts to comply with Judge Shuker's July 11, 1991 order are further demonstrated by the fact that (1) Greyhound sent the 1991 letter to the court together with a copy of the stay order issued by the bankruptcy court, and that (2) appellant filed a praecipe stating that she did "not oppose the Motion for Stay Pending Bankruptcy filed by the defendant Greyhound, Inc." In denying appellant's motion for reconsideration, however, the motions judge stated that the court had no record of the 1991 letter, and his order does not mention the copy of the stay order referenced in, and attached to, this letter. See *supra* note 2. The motions judge concluded, however, that even if the court had received the 1991 letter, a letter could not constitute the "proper filing" required by Judge Shuker's order. We are aware of no authority for the proposition that a letter, signed by any purported agent of a party irrespective of membership in the bar of the forum jurisdiction, cannot constitute a proper notice of a federal bankruptcy stay, assuming such notice is necessary for some purpose.

**12.** Because the Superior Court had notice of the federal stay, and because the motions judge ac-

cordingly erred in ruling that plaintiff-appellant had failed to comply with Judge Shuker's order reinstating the complaint, we need not reach two questions that otherwise would have to be addressed: (1) whether a state or local court can dismiss a civil action, under its own rules, because the plaintiff fails to make sure there is on file with the court an authentic, timely notice of a federal bankruptcy stay, and (2) whether, more fundamentally, a federal bankruptcy court stay bars a state court from dismissing a civil complaint against a defendant in bankruptcy, without regard to the state court's lack of notice, with the result that any dismissed lawsuit would have to be reinstated once the court learned of the stay— unless (or perhaps even if) the stay had been lifted in the meantime.

**13.** The motions judge's other reasons for dismissing appellant's complaint, in addition to a perceived failure to comply with Judge Shuker's July 11, 1991 order, are invalid in light of the federal stay. The judge, for example, faulted appellant for her failure to move for a default judgment and to file affidavits of proof of service 60 days after filing of the complaint as required

reverse and remand for the trial court to order reinstatement of appellant's complaint.

*So ordered.*

by Super.Ct.Civ.R. 4(j). Such actions, however, would have violated a stay order entered pursuant to 11 U.S.C. § 362(a)(1), *supra* note 9. *See In re Calendar,* 89 B.R. 280, 282 (Bankr.D.C. 1988); *In the Matter of DePoy,* 29 B.R. 471, 478 (Bankr.N.D.Ind.1983). Such violations would have exposed appellant to sanctions for contempt, in addition to possible liability for actual and, potentially, for punitive damages. 11 U.S.C. § 362(h); *see In re Crysen/Montenay Energy Co.,* 902 F.2d 1098, 1105 (2d Cir.1990). In addition, such an action would not have been "warranted by existing law" and thus would have been contrary to the good faith requirement of Super.Ct.Civ.R. 11, exposing appellant and her attorney to sanctions under that rule.

The motions judge also found that William Carroll was not a party to the suit because appellant's complaint named instead a "John Doe" Carroll. Appellant replies that at the time she filed her complaint, she was not aware of defendant Carroll's first name, and, therefore, that she used the name "John Doe." Appellant then points out that service eventually was accomplished on William Carroll. Appellant concedes that she did not amend her complaint to substitute Carroll's correct first name until July 12, 1993, but she argues that this could not be a basis for dismissal of her case because Rule 41–I only requires dismissal for failure to comply with "any law, Rule or order requisite to the prosecution of [her] claim" for ninety days from the time action may be taken and, in this case, she did not fail to comply with the law, rule or order in failing to amend her complaint to substitute Carroll's correct first name. Appellant also correctly points out that under Super.Ct.Civ.R. 15(a) she is allowed to amend her complaint at any time before a responsive pleading is served. In this case, Greyhound had not filed a responsive pleading by the date of the motions judge's order. Consequently, appellant still had time to amend her complaint (which she did on July 12, 1993), and she was not in violation of any rule in failing to do so.